UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MARKOS PAPPAS, a/k/a Marcos Pappas, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 17-01-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Markos Pappas[1] was formerly confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Pappas has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Pappas's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] Petitioner is identified as "Markos Pappas" in the Bureau of Prisons' online Inmate Locator database (https://www.bop.gov/inmateloc/), but he was prosecuted under the name "Marcos Pappas," *United States v. Pappas*, No. 3: 96-CR-185-RNC-2 (D. Conn. 1996), and he appears under that name in numerous post-conviction proceedings. To ensure consistency across court records, the Clerk of the Court will be directed to modify the docket to identify the petitioner as "Markos Pappas" with "Marcos Pappas" as an alternative designation.

(2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Following a jury trial in July 1997, Pappas was convicted in New Haven, Connecticut of conspiring to distribute cocaine in violation of 21 U.S.C. § 846; conspiring to retaliate against a witness by intimidation or force in violation of 18 U.S.C. § 371; and retaliating against a witness in violation of 18 U.S.C. § 1513(b)(2). Pappas was sentenced in April 1998 to 360 months imprisonment on the drug trafficking charge, with lesser sentences imposed for the witness intimidation offenses to run concurrently with that sentence. *United States v. Pappas*, No. 3: 96-CR-185-RNC-2 (D. Conn. 1996). The Second Circuit affirmed his convictions on direct appeal. Pappas and his co-defendant Lauria filed a petition for a writ of certiorari, but the Supreme Court denied that collateral relief in October 2000. *United States v. Pappas*, No. 98-1206, 1999 WL 980957 (2d Cir. Oct 19, 1999), *cert denied*, 531 U.S. 854 (2000).

On June 26, 2000, after Pappas had petitioned the Supreme Court to issue certiorari in his case on direct appeal but before that Court had denied his petition, that Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which it concluded that facts (other than the existence of a prior conviction) that increase a sentence faced by a criminal defendant must be submitted to the jury and proved beyond a reasonable doubt. *Id*. at 490. In 2001, Pappas and his co-defendants filed motions to vacate their convictions pursuant to 28 U.S.C. § 2255. Among other things, Pappas asserted that the trial court violated the rule of *Apprendi* when it concluded by a preponderance of the evidence that that he was responsible

for conspiracy to distribute more than 600 grams of cocaine base and 50 kilograms of cocaine powder when the indictment charged them only with distributing a "detectable" amount of cocaine. *Lauria v. United States*, No. 3: 01-CV-1894 (PCD), 2006 WL 3704282 (D. Conn. Dec. 13, 2006).

The trial court first rejected this argument on procedural grounds, noting that: (1) Pappas had procedurally defaulted his *Apprendi* claim because he failed to raise it on direct review before the Supreme Court by requesting supplemental briefing while his petition for *certiorari* was still pending; and (2) *Apprendi* was not retroactively applicable to cases on collateral review. *Id*. at *18 (citing *Coleman v. United States*, 329 F.3d 77, 82 (2d Cir. 2003)).[2]

Nonetheless, the trial court addressed the substance of Pappas' *Apprendi* claim, and found it to be without merit. Pappas had previously been convicted of a felony drug offense, and the government had filed a notice to this effect pursuant to 21 U.S.C. § 851.[3] Accordingly, his 30-year sentence for his federal drug trafficking conviction was based upon the prior state drug offense - not the trial court's findings regarding drug quantity. Therefore, no *Apprendi* violation occurred.[4] *Lauria*, 2006 WL 3704282 at *21 ("Because any consideration of drug

---

[2] The Supreme Court validated the latter conclusion in *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). See also *In re: Mazzio*, 756 F. 3d 487, 491 n.4 (6th Cir. 2014); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

[3] The trial court had stricken the original Section 851 notice in 1997 based upon then-controlling Second Circuit authority, but that authority was explicitly overruled in 1998. Addressing Pappas' motion for relief under Section 2255, the trial court concluded that the statutory maximum sentence remained 30 years because even if the original judgment were vacated, in light of the change in the law in the Second Circuit, the original Section 851 notice would be valid, or the government could simply file a new one. *Lauria*, 2006 WL 3704282 at *21, n.15.

[4] The relevant statute provides that:

type and quantity under 21 U.S.C. § 841, did not lead to the imposition of a sentence greater than the otherwise applicable statutory maximum ... Pappas' *Apprendi* claim fails.")

The trial court therefore denied Pappas' Section 2255 motion. The Second Circuit affirmed that decision on appeal "substantially for the reasons stated in the district court's thorough and careful ruling ..." Pappas and his co-defendant Lauria filed a petition for a writ of certiorari, but the Supreme Court denied that motion in 2011. *Pappas v. United States*, 362 F. App'x 175 (2d Cir. 2010), *cert denied*, 131 S. Ct. 996 (2011).

Through his present petition filed pursuant to Section 2241, Pappas essentially seeks to have this Court provide appellate review of the Second Circuit's 2010 decision to affirm the denial of relief under Section 2255. While Pappas refers to *Apprendi*, it is plain that he does not seek relief under it. Rather, he contends that once the trial court struck the Section 851 notice in 1997 and after the legal basis for striking it was invalidated in 1998, the original notice was not reinstated nor was a new notice filed, and he vaguely suggests that doing so would have violated the law of the case doctrine. In summary, he argues that without a formal order reinstating the Section 851 notice, his 30-year sentence exceeds the statutory maximum permitted by 21 U.S.C. § 841(b)(1)(C). [Record No. 1 at 5-6]

---

> In the case of a controlled substance in schedule I or II ... If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years ...

18 U.S.C. § 841(b)(1)(C).

However, Section 2241 is not a catch-all remedy for prisoners to seek further review of claims already considered and rejected on direct appeal or during initial collateral review proceedings. Section 2255 is the primary vehicle for challenges to the legality of a federal conviction or sentence, *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003), and 28 U.S.C. § 2241 is not designed to provide merely another avenue to shop the same claim to another court in the hopes of obtaining a more favorable result. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" in 28 U.S.C. § 2255(e) permits resort to Section 2241 only in an extraordinarily narrow range of cases where the remedy afforded by § 2255 is structurally unavailable to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002). Resort to Section 2241 is only permissible where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Pappas points to no such newly-decided Supreme Court decision as the foundation for his claim, and thus has failed to properly invoke Section 2241 as a ground for relief.

Pappas does refer to the Sixth Circuit's decision in *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), but that case has no bearing upon his claim. In *Hill*, the Sixth Circuit permitted a

challenge to a sentence to be asserted in a Section 2241 petition, but only because: (1) the petitioner's sentence was imposed pre-*Booker*, when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Pappas' claim satisfies none of these criteria. First, while he was convicted before *Booker* was decided, his sentence was subject to a statutory maximum under Section 841(b)(1)(C), not a then-mandatory provision of the Sentencing Guidelines. Second, nothing prevented Pappas from asserting the very same claim he asserts here on appeal from the denial of relief under Section 2255, as the trial court expressly stated that the 30-year maximum set forth in Section 841(b)(1)(C) applied based upon the original Section 851 notice originally filed. *Lauria*, 2006 WL 3704282 at \*21, n. 15. Third, his claim is not based upon a subsequently-decided retroactively applicable Supreme Court decision founded upon an interpretation of the statute of conviction, but merely his disagreement with the applicability of Section 841(b)(1)(C). Thus, Pappas' claim does not satisfy any of the cognizability requirements set forth in *Hill*, and his claim does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall **MODIFY** the docket to identify the petitioner as "Markos Pappas" with "Marcos Pappas" as an alternative designation.

2. Petitioner Markos Pappas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 16th day of June, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge